IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ELAINE DIANE GRAY,<br><br>    Plaintiff,<br><br>v.<br><br>ISMAEL TOVAR LARA, *et al.*,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' PARTIAL MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:20-cv-00094-JNP-DBP<br><br>District Judge Jill N. Parrish |

Before the court is a Motion for Partial Summary Judgment filed by Defendants Ismael Tovar Lara; Big Red Hot Oil Service II, Inc.; Big Red Hot Oil Service, LLC; and Harlan Wilkins (collectively, "Defendants"). ECF No. 14. For the reasons set forth below, Defendants' Motion is DENIED.

## BACKGROUND

On April 6, 2019,[1] Plaintiff Elaine Diane Gray ("Plaintiff" or "Ms. Gray") and her husband were involved in an automobile collision with Defendant Ismael Tovar Lara ("Mr. Lara"), an employee of Defendants Big Red Hot Oil Service II, Inc. and Big Red Hot Oil Service, LLC (collectively, "Big Red"). At the time of the collision, Mr. Lara was driving one of Big Red's

---

[1] Although the Complaint (ECF No. 2 ¶ 9) and Defendants' Motion for Partial Summary Judgment (ECF No. 14 ¶ 1) state that the collision occurred on or about April 4, 2019, Ms. Gray objected to this date in her Memorandum in Opposition to Defendants' Motion for Partial Summary Judgment, asserting that the collision occurred on April 6, 2019 (ECF No. 15 ¶ 1). Defendants did not dispute this date change in their Reply in Support of Motion for Partial Summary Judgment (ECF No. 17 at 4).

trucks. Mr. Lara had permission to use the truck from Big Red through Big Red's owner and manager, Defendant Harlan Wilkins ("Mr. Wilkins"). Both Ms. Gray and her husband were injured in the collision, and Ms. Gray's husband ultimately passed away as a result of his injuries.

On February 13, 2020, Ms. Gray filed suit against Defendants, asserting several causes of action based on theories of both direct and vicarious liability: (1) negligence/gross negligence by Mr. Lara; (2) negligent/grossly negligent entrustment by Mr. Wilkins; (3) negligent/grossly negligent employment by Big Red; (4) negligent/grossly negligent infliction of emotional distress by Mr. Lara, Mr. Wilkins, and Big Red; and (5) punitive damages from Mr. Lara, Mr. Wilkins, and Big Red.

On July 23, 2020, Defendants filed a Motion for Partial Summary Judgment. ECF No. 14. Defendants argue that there is no genuine dispute of material fact that Mr. Lara was not acting in the course and scope of his employment at the time of the accident, that Mr. Wilkins was not negligent in entrusting Mr. Lara with the vehicle he was driving at the time of the collision, or that Big Red was not negligent in "hiring, supervising, and retaining" Mr. Lara as an employee. Accordingly, Defendants seek partial summary judgment in their favor with respect to Ms. Gray's "second, third, and fourth causes of action against Harlan Wilkins and Big Red."

On August 14, 2020, Ms. Gray filed her Memorandum in Opposition to Defendants' Motion for Partial Summary Judgment. ECF No. 15. In addition to arguing that there are genuine disputes of material fact regarding the issues stated above, Ms. Gray argues that she has not had an opportunity to conduct discovery into the respective claims because Defendants have refused to comply with her discovery requests and are "improperly using this Motion [for Partial Summary Judgment] in an attempt to avoid responding to proper discovery requests." Accordingly, Ms. Gray argues that the court should either deny or defer consideration of Defendants' Motion for Partial

Summary Judgment until discovery has been completed. Ms. Gray also argues that she should be awarded "her costs and fees for having to oppose the defendants' premature motion" because the Motion was brought in bad faith to "improperly prevent discovery" related to her claims.

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In considering whether a genuine dispute of material fact exists, the court must determine whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The court must construe all facts and reasonable inferences in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A motion for partial summary judgment is reviewed under the same standard as a motion for summary judgment. *See Franklin v. Thompson*, 981 F.2d 1168, 1169 (10th Cir. 1992).

If the nonmoving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer considering the motion or deny it." FED. R. CIV. P. 56(d)(1). The affidavit provided under Rule 56(d) "'must explain why facts precluding summary judgment cannot be presented,' 'identify[] the probable facts not available and what steps have been taken to obtain these facts,' and 'explain how additional time will enable [the nonmoving party] to rebut [the] movant's allegations of no genuine issue of fact.'" *Mohn v. Progressive Ins.*, 802 F. App'x 391, 396 (10th Cir.) (citation omitted), *cert. denied*, 207 L. Ed. 2d 1106 (2020).

## DISCUSSION

I. **Employer's Vicarious and Direct Liability**

    A.    Vicarious and Direct Liability

Under Utah law, "[i]n order to hold an employer vicariously liable for the negligent acts of its employee, the employee's acts must be committed in the course and scope of his employment." *Whitehead v. Variable Annuity Life Ins. Co.*, 801 P.2d 934, 935 (Utah 1989) (citations omitted). "Whether an employee is acting within the scope of [his] employment is ordinarily a question of fact." *Christensen v. Swenson*, 874 P.2d 125, 127 (Utah 1994) (citation omitted). "Whenever reasonable minds may differ as to whether [an employee] was at a certain time involved wholly or partly in the performance of his [employer's] business or within the scope of his employment, the question is one for the jury." *Carter v. Bessey*, 93 P.2d 490, 493 (Utah 1939) (citations omitted). Only "when the employee's activity is so clearly within or outside the scope of employment that reasonable minds cannot differ" may the court "decide the issue as a matter of law." *Christensen*, 874 P.2d at 127 (citations omitted).

The Utah Supreme Court has articulated criteria for determining whether an employee is acting in the scope of his employment. *Id.* "First, the employee's conduct must be of the general kind the employee is hired to perform, that is, 'the employee must be about the employer's business and the duties assigned by the employer, as opposed to being wholly involved in a personal endeavor.'" *Id.* (citing *Birkner v. Salt Lake Cty.*, 771 P.2d 1053, 1056–57 (Utah 1989), *overruled on other grounds by M.J. v. Wisan*, 371 P.3d 21, 32 (Utah 2016)). Additionally, "the employee's conduct must be motivated, at least in part, by the purpose of serving the employer's interest." *Id.* (citation omitted). However, "an agent need not be acting 'within the hours of the employee's work and the ordinary spatial boundaries of the employment' in order to be acting within the course of

4

his employment." *M.J.*, 371 P.3d at 32 (citation omitted) (overruling *Birkner*, which had previously held that "the employee's conduct must occur within the hours of the employee's work and the ordinary spatial boundaries of the employment" for the employee to be acting within the scope of his employment). Rather, "the key question is whether [the employee] was acting 'within the scope of employment when performing work assigned by the employer or engaging in a course of conduct subject to the employer's control.'" *Id.* (citation omitted). Still, this question does not "foreclose the circumstantial relevance of the time and place of the employee's tortious activity." *Id.* at 32 n.13.

"[G]enerally[,] an employee is not in the scope of his employment for purposes of third-party negligence claims when he is traveling to and from work." *Whitehead*, 801 P.2d at 936. This is known as the "coming and going rule." *Id.* Thus, "the coming and going rule is generally applied in . . . situations to prevent vicarious liability." *Ahlstrom v. Salt Lake City Corp.*, 73 P.3d 315, 317 (Utah 2003) (citations omitted). "The major premise of the 'going and coming' rule is that it is unfair to impose unlimited liability on an employer for conduct of its employees over which it has no control and from which it derives no benefit." *Whitehead*, 801 P.2d at 937. There are a few exceptions to the "coming and going rule." *Ahlstrom*, 73 P.3d at 319–20. Under the "dual purpose exception," "[i]f an employee's personal conduct benefits an employer . . . the employer may be held liable where the predominant purpose of the conduct was not personal." *Id.* at 319 (citation omitted). Under the "special errand exception,"[2] an employer may be held liable "when the

---

[2] Although the Utah Supreme Court has considered the "special errand exception" in the context of a negligence case, the Court noted that it was analyzing the exception without adopting it as applicable to negligence cases generally. *Ahlstrom*, 73 P.3d at 319–20. The Utah Supreme Court noted that this exception is rooted in worker's compensation cases. *Id.*

employee engages in a special activity which is within the course of his employment, and which is reasonably undertaken at the request or invitation of the employer." *Id.* at 319–20 (citation omitted). Finally, there is the "employer-provided transportation exception,"[3] under which "employers have been liable for injuries to their employees when they have required their employees to use the employer's vehicle." *Id.* at 320 (citation omitted).

Finally, "[r]egardless of whether an employer can be held vicariously liable for its employee's actions under the doctrine of respondeat superior, an employer may be directly liable for its own negligence in hiring or supervising employees." *Clover v. Snowbird Ski Resort*, 808 P.2d 1037, 1048 (Utah 1991) (citations omitted).

B. Whether Mr. Wilkins and Big Red Are Vicariously Liable for Mr. Lara's Conduct or Are Directly Liable for Negligent Entrustment and Employment

Defendants seek partial summary judgment in favor of Mr. Wilkins and Big Red, arguing that neither is vicariously or directly liable for Mr. Lara's conduct with respect to the accident. In support of their argument, Defendants rely entirely on declarations from Mr. Lara and Mr. Wilkins, which are attached to their Motion.

In Mr. Lara's declaration, he states that he was properly trained and licensed to operate the truck on the day of the accident; had previously taken defensive driving courses as part of his prior employment; and had not received any traffic citations since 2007 before the April 2019 accident. Mr. Lara also states that, on the day of the accident, after he had loaded a semitruck trailer with his personal vehicle and tools needed for an out-of-state project for Big Red, he had been driving a

---

[3] The Utah Supreme Court noted that the "employer-provided transportation exception . . . also has its roots in worker's compensation cases." *Ahlstrom*, 73 P.3d. at 320.

Big Red truck with Mr. Wilkins's permission on his commute home. Mr. Lara states that he usually drove his personal vehicle to and from work and would use a Big Red vehicle when he was "on the clock working for Big Red." However, Mr. Lara states that, at the time of the accident, his workday was complete, and he was "off the clock for Big Red." Mr. Lara avers that, at that time of the accident, he intended to perform no further work duties for Big Red that day, Big Red did not place any limitations on his use of the Big Red truck, and he intended to return the truck back to work the next day before departing for the out-of-state project. Mr. Lara also concludes: "I was not in the course of my employment when the accident occurred."

Mr. Wilkins's declaration largely communicates the same information. Mr. Wilkins specifically states that Big Red was not aware that Mr. Lara "had any behaviors or actions that would put Big Red on notice that he was a potential threat to others," that Mr. Lara appeared to be a "well-trained and safe employee" who was "fit for the position for which he was hired at Big Red," and that Mr. Lara had never had a previous incident involving Big Red vehicles. Additionally, Mr. Wilkins avers that Big Red neither provides nor requires its employees to use employer-owned vehicles for their commute, and Mr. Lara was not required to use the Big Red truck he borrowed strictly for work purposes and was permitted to use it for personal errands. Finally, Mr. Wilkins concludes that Mr. Lara was not "on the clock or working for Big Red at the time of the accident," nor was he "in the course of his employment when the accident occurred."

In her Opposition, Ms. Gray argues that she propounded discovery related to her second, third, and fourth causes of action to Defendants, and Defendants only identified but did not produce responsive documents and "refus[ed] to provide the documents unless [Ms. Gray] stipulated to an improper and overreaching protective order." When Ms. Gray responded that she would agree to a standard protective order instead, Defendants replied that that they were "reviewing the

7

language" of the protective order, were "preparing a motion that will potentially moot the issue," and wanted to "wait until the outcome of the motion to produce the documents." Defendants thereafter filed their Motion for Partial Summary Judgment, and Ms. Gray argues that they still have yet to provide documents responsive to her discovery request.

In their Reply in Support of Motion for Partial Summary Judgment (ECF No. 17), Defendants argue that they "do not believe [they are] required to turn over proprietary employment information when [Mr.] Lara was not acting as an employee at the time of the accident," as established by Mr. Lara's and Mr. Wilkins's declarations. Moreover, Defendants argue that even if Ms. Gray was permitted to discover what she requested, because Mr. Lara was commuting home from work at the time of the accident, the "coming and going" rule applies and cuts off Big Red's and Mr. Wilkins's vicarious liability for Mr. Lara's conduct. Finally, Defendants argue that additional discovery to establish whether Mr. Wilkins and Big Red were negligent in employing Mr. Lara or entrusting him with a company vehicle is "unnecessary" because the declarations of Mr. Lara and Mr. Wilkins establish that neither Mr. Wilkins nor Big Red were negligent.

The court finds that Defendants cannot evade the discovery process by filing a motion for summary judgment and attaching conclusory declarations designed to establish the legal conclusions they seek to argue. The issue of Mr. Wilkins's and Big Red's vicarious liability turns on whether Mr. Lara was acting in the scope of his employment at the time of the accident, which is an inherently fact-dependent issue. As set out in Plaintiff's Rule 56(d) Declaration, to determine Mr. Wilkins's and Big Red's vicarious liability, Ms. Gray has sought—but has been unable to obtain—discovery from Defendants relating to facts that would help to establish whether Mr. Lara was acting within the scope of his employment at the time of the accident (e.g., Mr. Lara's typical work schedule and compensation arrangement, company policies and procedures associated with

the use of company vehicles, and the circumstances surrounding Mr. Lara loading his private vehicle on the semitruck). *See* ECF No. 15 at 47–51. Without this information, the court is unable to determine that Mr. Lara was clearly not acting within the scope of his employment such that there is no genuine dispute of material fact and Defendants are entitled to judgment as a matter of law. In so concluding, the court does not determine whether the "coming and going rule" applies to the facts of this case, as the court cannot clearly determine whether Mr. Lara was in fact commuting home from work or acting within the scope of his employment at the time of the accident.

The court similarly finds that it cannot determine that there are no genuine disputes of material fact related to Defendants' direct liability, as Defendants have not responded to discovery that would, for example, establish Mr. Lara's past driving history and employment history with Big Red and reveal Big Red's policies and practices related to employee safety and hiring, as averred in Plaintiff's Rule 56(d) Declaration. *See* ECF No. 15 at 47–51. Defendants' conclusory declarations suggesting that Mr. Wilkins and Big Red be wholly absolved of responsibility on these issues are an insufficient basis on which to grant summary judgment. Discovery is required.

Accordingly, in light of Ms. Gray's Opposition and Rule 56(d) Declaration (ECF No. 15 at 47–51), the court finds that Ms. Gray has met the requirements under Rule 56(d) for denying Defendants' Motion until such time as Ms. Gray is able to conduct discovery with respect to the facts relevant to her claims for both direct and vicarious liability. The denial is without prejudice to Defendants' right to refile the motion at the conclusion of fact discovery.

**II.     Fees and Costs**

Although the court finds that Defendants' Motion for Partial Summary Judgment is not well-taken, it does not find that Defendants' conduct justifies awarding Ms. Gray fees and costs

for having to litigate the Motion. Ms. Gray has failed to cite to any statute, rule, or other authority suggesting that she is entitled to fees and costs. Thus, the court denies Ms. Gray's request for her fees and costs for having to oppose Defendants' Motion.

## CONCLUSION AND ORDER

Because Defendants have not responded to Ms. Gray's discovery requests, the court cannot find at this juncture that there is no genuine dispute as to any material fact related to Defendants' vicarious and direct liability for Mr. Lara's conduct in the accident. Thus, for the foregoing reasons, Defendants' Partial Motion for Summary Judgment (ECF No. 14) is **DENIED**, with leave to refile the motion at the close of discovery.

DATED January 8, 2021.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge